ORIGINAL

# In the United States Court of Federal Claims

**FILED**

No. 14-138C
(Filed: March 18, 2014)

MAR 1 8 2014

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| TRAMAINE BEADLES, ) | |
| ) | Pro Se; Collateral Attack on |
| Plaintiff, ) | Criminal Conviction; Sua Sponte |
| ) | Dismissal for Lack of Subject |
| v. ) | Matter Jurisdiction – RCFC |
| ) | 12(h)(3); Not in Interest of Justice |
| THE UNITED STATES, ) | to Transfer under 28 U.S.C. § |
| ) | 1631. |
| Defendant. ) | |
| ) | |

Tramaine Beadles, Pine Knot, KY, pro se.

Sarah M. Valenti, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER OF DISMISSAL

CAMPBELL-SMITH, Chief Judge

Plaintiff Tramaine Beadles brings a claim against the United States seeking release from his incarceration, the expungement of his criminal record, the return of his written confession, and money damages for wrongful imprisonment, loss of wages, invasion of privacy, and emotional distress.

For the reasons more fully explained below, the Court of Federal Claims lacks jurisdiction over both plaintiff's collateral attack on his criminal conviction and his tort claim. Accordingly, the court sua sponte dismisses plaintiff's complaint for lack of subject-matter jurisdiction.

I.   BACKGROUND

Plaintiff is a federal prisoner housed at the U.S. Penitentiary McCreary, located in Pine Knot, Kentucky. See Compl. 1., ECF No. 1. Plaintiff brings his claim without counsel.

Plaintiff filed a complaint on February 18, 2014[1], in which he claims that various employees[2] of the United States violated his "civil right of privacy/invasion of privacy" and engaged in a "grand larceny conspiracy." See id. at 3 (internal quotation marks and capitalization omitted).

Plaintiff's claim is based on an incident that occurred in December 2010 while he was housed at CCA Leavenworth.[3] See id. at 3-4. Plaintiff claims that he made an "involuntary confession" to two Federal Bureau of Investigation (FBI) agents regarding a crime about which he had knowledge, and that the FBI agents then "illegally seized" his confession, which plaintiff alternately refers to as his personal property or his handwritten papers, and turned the confession over to a federal magistrate judge. Id. at 4. The federal magistrate judge used plaintiff's confession to issue an arrest warrant for plaintiff, the government later used plaintiff's confession in securing an indictment against him, and finally used his confession as evidence against him at his trial. See id. at 4-5.

---

[1] The Office of the Clerk of Court sent plaintiff an application to proceed in forma pauperis upon receipt of his complaint, the granting of which would relieve plaintiff of the obligation to pay the court's filing fee. At this time, plaintiff has not yet filed his in forma pauperis application. Anticipating that plaintiff will complete and return the application, the court grants the expected application for the limited purpose of dismissing the complaint on jurisdictional grounds.

[2] Plaintiff provides a long list of employees, including multiple Federal Bureau of Investigation agents, a federal magistrate judge, a federal district court judge, three judges of the United States Court of Appeals for the Tenth Circuit, a federal prosecutor, multiple legal counsel, the Federal Public Defender's Office, as well as CCA Leavenworth and the United States Senate Committee on the Judiciary. See Compl. 3, ECF No. 1. In addition, plaintiff names several non-federal entities, including the Kansas Bar Association, the Office of Professional Responsibility, and two private law firms. See id. While the court does not interpret plaintiff's complaint as being brought against any of these individuals, even if plaintiff had brought suit against any or all of these individuals, this court would lack jurisdiction over plaintiff's claim against them. Claims for relief against any party other than the United States, including officers of the United States government, "must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941); Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the [United States] Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").

[3] CCA Leavenworth is a maximum security federal detention center in Kansas. CCA Leavenworth Detention Center, http://cca.com/facilities/leavenworth-detention-center (last visited Feb. 20, 2014).

2

The grand larceny of which plaintiff complains is the "seizure" of his written confession. Id. at 4. The violation of his privacy about which plaintiff complains is the act of the two FBI agents entering CCA Leavenworth and arresting plaintiff and "seizing" his written confession. Id. at 6-7.

Plaintiff titled his complaint a "Memorandum in Support of Tort," and he cited to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) (2012), as authorizing his claim against the United States for damages. Id. at 1. Plaintiff contends that the FBI agents, federal judges, and federal prosecutors involved in the investigation, prosecution and adjudication of the criminal case against him may be held liable, in their personal capacities, when individual civil suits, such as this one, are brought. See id. at 7-8.

Plaintiff seeks the following relief:

(1) the return of his "illegally seized" personal property;
(2) a full "expunge[ment]" of his "entire criminal record";
(3) three trillion dollars, for inter alia, wrongful imprisonment, loss of wages, invasion of privacy, and emotional distress; and
(4) release from his current imprisonment in a federal penitentiary.

See id. at 9.

II. LEGAL STANDARD

Complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, "'the leniency afforded to a pro se litigant with respect to mere formalities does not relieve [his] burden to meet jurisdictional requirements.'" Zulueta v. United States, No. 2013–5067, 2014 WL 114201, at *2 (Fed. Cir. 2014) (quoting Kelley v. Sec'y, U.S. Dep't of Labor, 82 F.2d 1378, 1380 (Fed. Cir. 1987)). In evaluating subject-matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

The court may question its own subject-matter jurisdiction at any time. Rule of the United States Court of Federal Claims (RCFC) 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Folden, 379 F.3d at 1354 ("Subject-matter jurisdiction may be challenged at any time . . . by the court sua sponte."). Subject-matter jurisdiction, which involves a court's power to hear a case, may "never be forfeited or waived." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)).

The Tucker Act provides for this court's jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012) (emphasis added).

"This Court lacks jurisdiction to consider claims which amount to collateral attacks on criminal convictions." See Perkins v. United States, No. 13-023C, 2013 WL 3958350, at *3 (Fed. Cl. July 31, 2013) (citing Carter v. United States, 228 Ct. Cl. 898, 900 (1981)[4] (rejecting claim, under various constitutional provisions, for money damages and correction of criminal records, and holding that "[i]f plaintiff had valid constitutional defenses to his convictions on criminal charges, he should have asserted them on appeal in the proper court. This is not such a court and he cannot here be heard to make a collateral attack on his convictions under the guise of a claim for money damages.")).

While this court has jurisdiction to hear a claim for money damages for unjust conviction, such jurisdiction is dependent on the challenged conviction first having been reversed, set aside, overturned after a new trial or hearing, or the prisoner having received a pardon. See 28 U.S.C. §§ 1495, 2513(a)(1) (2012); see, e.g., Sharpe v. United States, 112 Fed. Cl. 468, 477 (2013).

The United States district courts have exclusive jurisdiction over claims brought under the Federal Tort Claims Act. See 28 U.S.C. § 1346(b)(1) (2012); see, e.g., Evans v. United States, 249 Fed. App'x. 201, 203 (Fed. Cir. 2007).

III. DISCUSSION

The court considers whether it has jurisdiction over plaintiff's claim, and if not, whether it would be in the interest of justice to transfer plaintiff's claim to a federal district court in which the claim could have been brought.

A. Court of Federal Claims Jurisdiction

Plaintiff points to the Federal Tort Claims Act as authorization for his claim, see

---

[4]  The United States Court of Appeals for the Federal Circuit established the holdings of the Court of Claims issued before the close of business on September 30, 1982 as precedent for the Federal Circuit. See South Corp. v. United States, 690 F.2d 1368, 1370 (1982). Accordingly, Carter is binding precedent in this court.

Compl. 1, basing his claim on the acts of various government employees, see id. at 3-5. But, the acts about which he complains are the "seizure" of his written confession and his later arrest, and the injury for which he seeks relief is the criminal conviction that has resulted in his current incarceration. Plaintiff's grievances are wholly and inextricably related to his criminal conviction.

Plaintiff's claim is a collateral attack on his criminal conviction, and this court lacks jurisdiction to hear it. See Carter, 228 Ct. Cl. at 900.

Assuming that plaintiff had brought a valid Federal Tort Claims Act claim, this court would still lack jurisdiction to hear it. As statutorily provided, the district courts have exclusive jurisdiction over tort claims for money damages against the United States. 28 U.S.C. § 1346(b)(1) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property. . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . .").

Plaintiff makes no allegation that his conviction has been reversed, set aside, overturned after a new trial or hearing, or that he has received a pardon. Rather, the front page of plaintiff's complaint lists his address as the U.S. Penitentiary McCreary, see Compl. 1, and among his requests for relief is his release from the same, see id. at 9. Accordingly, even if the court contrued plaintiff's claim for damages of unjust conviction as being brought under 28 U.S.C. §§ 1495, 2513, the court still would lack jurisdiction over the claim.

A review of the complaint discloses that plaintiff has made no claim over which this court has jurisdiction.

B.  Transfer Under 28 U.S.C. § 1631

When this court determines that it lacks jurisdiction, it must transfer the case to a court where the action could have been brought, if the transfer "is in the interest of justice." 28 U.S.C. § 1631 (2012).

Proper venue in a district court is defined by statute, which provides that a civil action may be brought in "a judicial district in which a substantial part of the events . . . giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2) (2012).

The events of which plaintiff complains occurred at CCA Leavenworth in Kansas. See Compl. 3-4. Plaintiff was convicted and sentenced in the United States District Court for the District of Kansas and appealed his sentence, unsuccessfully, to the United States Court of Appeals for the Tenth Circuit. See id. at 3; Beadles v. United

States, 508 Fed. App'x. 807, 809-10 (10th Cir. 2013). The district court to which this matter could be transferred, if in the interest of justice, is the U.S. District Court for the District of Kansas, which sits in the Tenth Circuit Court of Appeals.

Under Tenth Circuit precedent, however, it is clear that the Federal Tort Claims Act is not an appropriate vehicle for challenging the validity of an outstanding criminal judgment. See Parris v. United States, 45 F.3d 383, 385 (10th Cir. 1995). Mr. Parris was an incarcerated plaintiff who brought an action under the Federal Tort Claims Act for alleged attorney malpractice during his district court criminal trial. See id. at 384. The Tenth Circuit said that while Mr. Parris' claim was "couched in terms of negligence, he [was] actually seeking further review of the basis for his conviction," through his allegations of the use of false and fabricated evidence to convict him. Id. As the Tenth Circuit explained,

> The FTCA . . . creates liability for certain torts committed by government officials. As such, we conclude the same common law principles that informed the Supreme Court's decision in Heck should inform the decision of whether an action under the FTCA is cognizable when it calls into question the validity of a prior conviction. We conclude the FTCA . . . is "not [an] appropriate vehicle[ ] for challenging the validity of outstanding criminal judgments."

Id. at 385 (quoting Heck v. Humphrey, 512 U.S. 477, 486 (1994)).

The court cannot find that justice would be served by transferring plaintiff's collateral attack on his criminal conviction, brought under the guise of a FTCA claim, to a district court that does not recognize the FTCA as an appropriate vehicle for challenging a criminal conviction. For this reason, the undersigned declines to transfer plaintiff's complaint to a federal district court.

IV. CONCLUSION

For the foregoing reasons, the court finds that it lacks jurisdiction over plaintiff's claims. Plaintiff's complaint is **DISMISSED** without prejudice. The Clerk of Court will enter judgment for defendant. No costs.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge